## RAYMOND C. VON FELDEN v. AUDREY D. SMALLEN VON FELDEN.[1]

February 6, 1942.

No. 33,001.

*Edward J. Callahan, Joseph A. Kozlak, George R. Smith,* and *M. Arnold Lyons,* for appellant.

There was no appearance made or brief filed in this court on behalf of respondent.

STONE, JUSTICE.

The real parties in interest (both appearing by their guardians) entered into a marriage ceremony in Iowa, December 15, 1940, at which time plaintiff was 20 years, 7½ months old, and defendant

[1]Reported in 2 N. W. (2d) 426.

about the same age. Immediately the parties concluded that they had made mutual error of selection (not proved by anything in the record), in consequence of which the marriage was never consummated. The action is for annulment upon the ground of plaintiff's nonage. Relief was refused below because of "the opinion of the court that under the statutes and decisions of the state of Iowa a valid marriage exists which is not subject to annulment."

1. During all of the determinative period both parties have been residents of Minnesota. It is familiar and well-nigh universal law that the quality of a marriage as a civil contract (Mason St. 1941 Supp. § 8562), as to its being void or voidable, is to be tested by the law of the place where the ceremony was performed. Lando v. Lando, 112 Minn. 257, 127 N. W. 1125, 30 L.R.A.(N.S.) 940; Boehm v. Rohlfs, 224 Iowa, 226, 276 N. W. 105, 108.

2. In Boehm v. Rohlfs, *supra*, is this statement: "At present, by the great weight of authority, the rule is that a marriage where one of the parties is under the age of consent but who is competent by the common law is not void, but merely voidable." Numerous cases are cited in support, but none from Iowa. But if the law of Iowa had been otherwise there doubtless would have been an appropriate comment to that effect. Anyway, we have been shown no statute or decision of Iowa holding that a marriage is not voidable for nonage. Boehm v. Rohlfs seems to recognize the common-law rule.

True, Iowa has a characteristic statute[2] declaring that marriages, even between minors, shall be "valid" if certain prerequisites are present and a license has been procured. That does not mean that in a proper case such a marriage, valid if nothing is done about it, is not voidable in an action for annulment. We have been shown no Iowa statute authorizing annulment of a marriage upon the ground of fraud or duress. See Code of Iowa, 1939, § 10486. Yet, in Wier v. Still, 31 Iowa, 107, fraud (if it had been proved, which it was not) was assumed to be ground for annulment. So also as to both duress and fraud in Sherman v. Sherman, 174 Iowa, 145, 156 N. W. 301.

[2]Code of Iowa, 1939, §§ 10428 and 10429.

3. Our own statute, Mason St. 1927, § 8581, provides that "when either party to a marriage is incapable of assenting thereto for want of age or understanding * * * the marriage may be annulled at the suit of the injured party, and shall be void *from the time its nullity is adjudged.*" (Italics supplied.) Accordingly, the decree to be entered in this case should be effective as of its date and should not relate back to the date of the marriage.

The judgment must be reversed with directions to enter one for annulment of the marriage upon the ground of plaintiff's nonage.

So ordered.